UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. MULLA,

        Plaintiff,

v.                                    Civil Action No. _____

KIRSCHENBAUM & PHILLIPS, P.C.

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Michael Mulla a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Kirschenbaum & Phillips, P.C. is a lawfirm, a professional corporation organized under the laws of New York, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. That upon information and belief, Defendant regularly attempts to collect debts alleged to be due another.

7. That all references in this complaint to Defendant shall mean Defendant or an employee or employees Defendant.

## IV. FACTUAL ALLEGATIONS

8. That Plaintiff borrowed money from the Bank of America. Said obligation will hereinafter be referred to as "the subject debt."

9. That the money borrowed, and the goods and services purchased with said money were used primarily for household, family and/or personal use. As such, said debt is a "debt as that term is defined by 15 U.S.C.§1692a(5).

10. That Plaintiff defaulted on the subject debt.

11. That Defendant was employed by Bank of America to attempt to collect the subject debt.

12. That Defendant commenced a civil action on behalf of Bank of America against Plaintiff in the City of Buffalo Court to collect the subject debt in or about August of 2006.

13. That on or about August 17, 2006, the parties agreed that if Plaintiff paid $5,000.00 on or before August 28, 2006, and an additional $400.00 on or before September 28, 2006, that the subject debt would be considered paid in full, and that a judgment would not be entered against Plaintiff.

14. That on or about August 24, 2006, the parties modified their agreement described in paragraph 13 of this complaint to provide that Plaintiff would mail a payment of $4,800.00 on or before August 24, 2006, and would pay the balance of $800.00 on or before September 28, 2006.

15. That Plaintiff mailed Defendant a payment in the sum of $4,800.00 on August 24, 2006.

16. That on or about September 21, 2006, the parties modified their agreement again to provide that the remaining $800.00 would be paid by Plaintiff mailing payments of $400.00 on or before September 21, 2006, and that the final $400.00 payment would be made on or before October 4, 2006.

17. That Plaintiff mailed a payment of $400.00 to Defendant on September 21, 2006, and made a his final payment of $400.00 to Defendant on October 4, 2006 in full compliance with the parties amended settlement agreement described in paragraph 16 of this complaint.

18. That by reason of the foregoing, Plaintiff was in full compliance with the terms of the parties settlement agreement, as amended, at all times relevant herein.

19. That Defendant caused a judgment to entered against Plaintiff in the sum of $3,428.98 on September 22, 2006.

20. That by reason of the foregoing, Defendant was in breach of the parties settlement agreement, as amended, when they filed a judgment against him.

21. That after learning of the entry of the judgment against him, Plaintiff contacted Defendant and informed them of the erroneous entry of the judgment, and requested that Defendant remove the judgment. The Defendant replied that they would have the judgment satisfied with the court clerk.

22. Defendant never satisfied the judgment with the Buffalo City Court clerk as promised.

23. That by reason of the entry of the judgment against plaintiff as described above, Plaintiff was denied loans, or was forced to accept loans on less favorable terms that he would have been able to obtain had the judgment not been entered.

24. That by reason of the foregoing, Plaintiff suffered pecuniary loss, became nervous, anxious, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 24 above.

26. That by entering a judgment against Plaintiff in breach of the parties settlement agreement, as amended, and failing to satisfy the judgment as agreed, Defendant violated 15 U.S.C.§1692e, 15 U.S.C.§1692e(2), 15 U.S.C.§1692e(5), 15 U.S.C.§1692e(10), 15 U.S.C.§1692f, and 15 U.S.C.§1692f(1).

27. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

   WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) actual damages;

   (b) statutory damages pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.


   A JURY TRIAL IS DEMANDED.

Dated: January 23, 2007

                s/Kenneth R. Hiller
                Kenneth R. Hiller, Esq.
                Attorney for the Plaintiff
                2001 Niagara Falls Boulevard
                Amherst, NY 14228
                (716) 564-3288
                Email: khiller@kennethhiller.com